UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__MAY 3 0 2018__

Asia TV USA Ltd.,

　　　　　　Plaintiff,

　—v—

Total Cable USA LLC, et al.,

　　　　　　Defendants.

16-cv-6873 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

In an order dated March 29, 2018, the Court granted in part and denied in part Plaintiff's

motion for a preliminary injunction. Dkt. No. 141 (Opinion). Relevant here, the Court

concluded that Plaintiff had not shown a likelihood of success on its copyright infringement

claim and thus denied "the request to enjoin Defendants from . . . transmitting or distributing

ZEE content and the request to require Defendants to delete and disable access to ZEE content,

destroy materials advertising ZEE content, and report on their compliance with that

requirement." Opinion at 18.

Plaintiff now moves for reconsideration of that order pursuant to Local Rule 6.3. *See*

Dkt. No. 148. The Court concludes that oral argument is not necessary to decide the motion and

for the reasons that follow, the Court denies it.

"A motion for reconsideration should be granted only when the [moving party] identifies

an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). In other

words, a motion for reconsideration may be granted only when the moving party can point to

"matters . . . that might reasonably be expected to alter the conclusion reached by the Court."

*Hernandez v. Loans*, 16 Civ. 3755, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (quoting

*In re JPMorgan Chase & Co. Derivative Litig.*, No. 12 Civ. 03878, 2014 WL 3778181, at *1

(S.D.N.Y. July 30, 2014)). "To obtain relief from judgment based on newly discovered

evidence, the movant must demonstrate that the newly discovered evidence could not have been

discovered 'with reasonable diligence' prior to the court's ruling." *Tatum v. City of New York*,

No. 06 Cv. 4290, 2009 WL 976840, at *1 (S.D.N.Y. Apr. 9. 2009) (quoting Fed. R. Civ. P.

60(b)(2)). Indeed, "[a] party seeking reconsideration is not supposed to treat the court's initial

decision as the opening of a dialogue in which that party may then use such a motion to advance

new theories or adduce new evidence in response to the court's rulings." *Childers v. N.Y.*

*Presbyterian Hosp.*, 36 F. Supp. 3d 292, 316 (S.D.N.Y. 2014) (internal quotation marks

omitted). "The standard for granting a motion for reconsideration is strict because

reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the

interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3*

*Int'l Corp.*, 16-CV-6276, 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (citation and internal

quotation marks omitted).

In its motion for a preliminary injunction, Plaintiff failed to provide sufficient evidence to

demonstrate a likelihood success on its copyright infringement claim. The Court noted that

failure in its decision to deny in part Plaintiff's motion for a preliminary injunction. *See* Opinion

at 12-14. Having received that Order, Plaintiff now provides additional evidence that it asserts

demonstrates its likelihood of success on the copyright infringement claim. Specifically,

Plaintiff contends that "new evidence consisting of Defendant Lalon TV's recent denial of

having rights to the ZEE Content, the new copyright applications and the application of Indian

copyright law support a modification of the Court's Order with regard to copyright infringement." Dkt. No. 149 at 4.

The Court declines to grant Plaintiff's motion for reconsideration. Some of the "new evidence" that Plaintiff provides could have been pursued, developed, or discovered before the issuance of the Court's March 29, 2018 Order. Indeed, it is *Plaintiff's* ownership interest in the copyright that is at issue. Plaintiff has not explained why it could not have provided more evidence to support its copyright infringement claim at the preliminary injunction stage. To the extent that any of the evidence, like "Lalon TV's recent denial of having rights to the ZEE Content," could not have been developed or discovered before the Court's Order, such evidence does not justify the extraordinary remedy of reconsideration.

Similarly, the Court declines Plaintiff's request to "revisit" its prior ruling. *See* Dkt. No. 149 at 11. Plaintiff may use any evidence it now has in a motion for summary judgment or in a motion for a permanent injunction, as appropriate. Accordingly, a revision to the Order is not necessary to prevent manifest injustice.

The Court denies Plaintiff's motion for reconsideration. This resolves Docket Numbers 148 and 152. The Court will address Plaintiff's motion for a finding of civil contempt, *see* Dkt. No. 153, in due course.

SO ORDERED.

Dated: May 3, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge